**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DOUDOU B. JANNEH,**

                               **Plaintiff,**

-against-                                         3:07-CV-79

**REGAL ENTERTAINMENT GROUP**,

                               **Defendant.**

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.   INTRODUCTION**

     Plaintiff commenced this action *pro se* asserting claims of employment discrimination.  See Compl. dkt # 1.  Defendant moves pursuant to Rule 12 of the Federal Rules of Civil Procedure to dismiss certain claims asserted in the Complaint.  See Def. Motion, dkt. # 20.  Plaintiff opposes the motion and cross-moves to stay the action during the pendency of an administrative proceeding in the State of New York.  See  Plt. Cross-Motion, dkt. # 28.  For the reasons that follow, Defendant's motion is granted in part and denied in part.  Plaintiff's cross-motion is denied.

1

## II. DISCUSSION

### a. Election of Remedies

On November 8, 2004, Plaintiff filed an administrative complaint with the New York State Division of Human Rights ("DHR") alleging certain discriminatory conduct by his employer, Defendant Regal Entertainment Group ("Regal"), including discriminatory suspension and failure to promote. Sheppard Aff. Ex. A. Plaintiff alleged that Regal discriminated against him on the basis of national origin, age, race, and color. Id. The administrative complaint was "dual filed" with the Equal Employment Opportunity Commission ("EEOC"). Id. On October 13, 2006, the DHR issued a "Determination and Order After Investigation" in Plaintiff's case, finding that there was "NO PROBABLE CAUSE" to believe that Regal had engaged in or was engaging in the unlawful discriminatory practices complained of in the administrative complaint. Id. at Ex. B. Plaintiff's administrative complaint was dismissed and the matter closed. Id. On November 30, 2006, the EEOC issued Plaintiff a "Dismissal and Notice of Rights" letter ("right-to-sue letter"). Id. at Ex. C.

New York Executive Law § 297(9) provides, in pertinent part, as follows:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . **unless** such person had filed a complaint hereunder or with any local commission on human rights . . . **provided** that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

N.Y. Exec. Law § 297(9)(emphasis added).

2

"[O]nce a complainant elects the administrative forum by filing a complaint with the NYSDHR, a subsequent judicial action on the same complaint is generally barred unless one of the three exceptions in the statute is applicable." Johnson v. County of Nassau, 411 F. Supp.2d 171, 184 (E.D.N.Y. 2006). In Plaintiff's case, the administrative claim filed on November 8, 2004 was not dismissed on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled. Thus, pursuant to New York Executive Law § 297(9), Plaintiff's current claims of discriminatory suspension and failure to promote brought under the New York Human Rights Law are barred. See Johnson, 411 F. Supp.2d at 184. "The bar to suit is jurisdictional." Id. (citing Moodie v. Federal Reserve Bank of N.Y., 58 F.3d 879, 883-884 (2d Cir. 1995)). Accordingly, Plaintiff's claims of discriminatory suspension and failure to promote brought pursuant to New York law are dismissed for lack of subject matter jurisdiction.

### b.  Discharge Claims

In July of 2005, after Plaintiff filed his discrimination claim with the DHR, he was discharged from his employment with Regal. On July 18, 2005, Plaintiff filed a second administrative complaint with the DHR alleging discrimination on the grounds of disability, race/color, and unlawful retaliation surrounding his discharge. See Sheppard Aff. Ex. D. The administrative complaint was "dual filed" with the EEOC. Id.  On November 29, 2006, Plaintiff filed an Amended Complaint with the DHR asserting discharge on the grounds of disability, race/color, age, national origin and retaliation. Id. Ex. E.  On January 19, 2007, the DHR issued a "Determination After Investigation" concluding that there was

3

"PROBABLE CAUSE to believe that [Regal] has engaged or is engaging in the unlawful discriminatory practice complained of" and recommended the matter for public hearing. Id. Ex. F.  The matter is still pending before the DHR, and Plaintiff has not requested or received a dismissal of the DHR claim on the grounds of administrative convenience. Plaintiff has not received a right-to-sue letter from the EEOC in connection with these federal charges.

Defendant argues that Plaintiff's claims arising from his discharge[1] must be dismissed without prejudice because they are premature.  Plaintiff argues in his cross-motion that the instant matter should be stayed pending the outcome of the public hearing before the DHR.

The federal claims arising from Plaintiff's claims of discriminatory suspension and denial of promotion are ripe for adjudication.   Delay of the federal discriminatory suspension and denial of promotion claims pending resolution of the Executive Law discharge claims would serve no useful purpose.  If the claims arising from Plaintiff's discharge proceed before the DHR in a public hearing, the New York Executive Law claims will be barred in this Court pursuant to New York Executive Law § 297(9) for the reasons discussed above at Point I(a)(Election of Remedies). While Plaintiff may wish to have all of claims adjudicated in one forum, he can accomplish this by seeking dismissal of the DHR claims based upon administrative convenience.  He is not entitled to two bites of the proverbial apple on these claims.

---

[1] In the instant matter, Plaintiff asserts that his discharge was in retaliation for his previous filing a claim of discrimination and because of his race, color, national origin, disability, and age. See Compl. [dkt. # 1].

4

Plaintiff also alleges discriminatory and retaliatory discharge in violation of Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA").

> Under both Title VII and the ADEA, a claimant may bring suit in federal court only if []he has filed a timely complaint with the EEOC and obtained a right-to-sue letter. See 42 U.S.C. § 2000e-5(e) and (f);  29 U.S.C. § 626(d); Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 613 (2d Cir. 1999); Malarkey v. Texaco, Inc., 983 F.2d 1204, 1208 (2d Cir. 1993).  Exhaustion of administrative remedies through the EEOC is "an essential element" of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in federal court. Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000);  see also Butts v. N.Y. Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993), superseded by statute on other grounds as stated in Hawkins v. 1115 Legal Service Care, 163 F.3d 684 (2d Cir. 1998);  Malarkey, 983 F.2d at 1208.

Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001). Similarly, claims brought under the ADA must be presented to the EEOC before proceeding in federal court. Joseph v. America Works, Inc., 2002 WL 1033833, at * 5 (S.D.N.Y.  May 21, 2002).   Plaintiff  has not received a right-to-sue letter relative to any of these claims.

The exception to the requirement of a right-to-sue letter is when the newly asserted claims are "reasonably related" to prior claims that *were* presented to the EEOC and on which the federal plaintiff received a right-to-sue letter. Legnani, 274 F.3d at 686;  Butts, 990 F.2d at 1402;  Shah, 168 F.3d at 614; see Joseph,  2002 WL 1033833, at * 5 ("In Title VII and ADA cases the Court has jurisdiction over only those claims included in the EEOC charge and those 'reasonably related' to claims presented in the charge."); Abbate v. Cendant Mobility Services Corp., 2007 WL 2021868, at *11 (D. Conn. July 13, 2007)("A

5

district court may hear only claims that are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is reasonably related to those alleged in the EEOC charge. This exhaustion requirement applies to claims brought pursuant to the ADA.")

Because Plaintiff's Title VII and ADEA retaliatory and discriminatory discharge claims are reasonably related to his initial discrimination charge, he was not required to file a second charge with the EEOC for these claims. The same cannot be said for his ADA claim. An ADA claim was *not* presented in Plaintiff's initial EEOC filing. "The purpose of the notice provision, which is to encourage settlement of discrimination disputes through conciliation and voluntary compliance, would be defeated if a complainant could litigate a claim not previously presented to and investigated by the EEOC." Butts, 990 F.2d at 1401-02 (quotation and citations omitted). The failure to present an ADA claim to the EEOC in the initial filing prevents it from being adjudicated in this Court, at least until Plaintiff receives a right-to-sue letter for the claim. Joseph, 2002 WL 1033833, at * 6; see Abbate, 2007 WL 2021868, at * 12 .

Further, even though Plaintiff was not required to file a subsequent EEOC claim related to his Title VII and ADEA retaliatory and discriminatory discharge claims, the fact remains that he did file such claims and these claims remain pending before the EEOC. To adjudicate these claims in this Court, while not adjudicating the ADA claim that purportedly arises from the same transaction and occurrence, would be wasteful of the scarce resources of the litigants and Court; would potentially result in contradictory determinations; and would defeat the purpose of the administrative process. See Abbate,

2007 WL 2021868, at * 11 ("As the Second Circuit has observed, the exhaustion requirement is designed to give the EEOC sufficient opportunity to investigate claims, encourage their resolution, and take remedial measures.")(citing Butts, 990 F.2d at 1401-02). To avoid these results, Plaintiff's Title VII, ADEA, and ADA retaliatory and discriminatory discharge claims are dismissed without prejudice to refiling following the receipt of a right-to-sue letter.

### c.  Res Judicata and/or Collateral Estoppel - Section 1981 Claims

Defendant also argues that Plaintiff's discrimination claims brought pursuant to 42 U.S.C. § 1981 are barred by the doctrines of res judicata and/or collateral estoppel because Plaintiff has had a full and fair opportunity to adjudicate the claims before the DHR. A New York State agency determination will collaterally estop a plaintiff from subsequently bringing suit if there is an "identity of issue which has necessarily been decided in the prior action and is dispositive of the present action, and the party to be estopped . . . had a full and fair opportunity to contest the decision now said to be controlling." Kosakow v. New Rochelle Radiology Assocs., 274 F.3d 706, 730 (2d Cir. 2001)(citation and interior quotation marks omitted); see also University of Tennessee v. Elliott, 478 U.S. 788, 799 (1986)("[W]hen a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts.")(citations and internal quotation marks omitted); Johnson, 411 F. Supp.2d at 178-183 (applying "res judicata and/or collateral estoppel" to employment discrimination claims under Sections 1981 and

1983 that were dismissed after investigation in the DHR); Barna v. Morgan, 341 F. Supp.2d 164, 168-169 (N.D.N.Y. 2004)(finding that the NYDHR's prior determination of "no probable cause" precluded the plaintiff from reasserting the same claims in federal court pursuant to Section 1981). "The proponent of preclusion bears the burden of proving identity of issue, while the adverse party bears the burden of proving that he lacked a full and fair opportunity to litigate the issue." Johnson, 411 F. Supp.2d at *179 (*citing Kosakow, 274 F.3d at 730).

A review of the DHR's October 13, 2006 Determination and Order After Investigation reveals an identity of issues between (a) Plaintiff's wrongful suspension and failure to promote claims asserted in the first DHR proceeding, and (b) the Section 1981 claims in the instant matter asserting wrongful suspension and failure to promote. Compare Sheppard Aff. Ex. A (Nov. 8, 2004 DHR complaint) and Sheppard Aff. Ex. B (DHR's October 13, 2006 Determination and Order After Investigation ) with Compl., dkt. # 1. Thus, Defendant has satisfied its burden of proving an identity of issues.

Plaintiff has not addressed the question of whether he was afforded a full and fair opportunity to litigate the issues in the DHR proceeding. The courts have held that a full and fair opportunity to litigate issues in a DHR proceeding exists, even without a hearing, provided the claimant was represented by counsel in the administrative proceeding. Compare Kosakow, 274 F.3d at 736 n. 12 (citations omitted)("[C]ourts which have relied upon the party's selection of a forum in determining whether collateral estoppel should apply have done so only where the choice was freely and clearly made with the advice of counsel.... [I]t would seem that New York courts would not extend this principle to an

unrepresented party who simply submitted a complaint to the DHR without some indication of a knowledgeable, freely-made choice of forum.") with Johnson, 411 F. Supp.2d at 182 ("In the instant case, Plaintiff initiated the NYSDHR proceeding and was represented by present counsel throughout its entirety.  Therefore, unlike the plaintiff in Kosakow, Plaintiff presumably understood the implications of his decision.  Thus, because of this distinction, the holding in Kosakow is not dispositive of the instant dispute.").  The Affidavit of Service of the DHR's October 13, 2006 Determination and Order After Investigation indicates that the document was served upon, *inter alia*, "Complainant Doudou B. Janneh" and "Complainant Attorney Rick S. Geiger."  See Sheppard Aff. Ex. B.  Hence, the record reflects that Plaintiff was represented by counsel in the administrative proceeding.  Accordingly, and absent any argument by Plaintiff that he was not afforded a full and fair opportunity to litigate the issues in the DHR proceeding, Plaintiff's Section 1981 claims asserting discriminatory suspension and failure to promote are barred by the doctrine of res judicata.  See Barna, 341 F. Supp.2d at 167 ("Because plaintiff has not demonstrated that he was deprived of an opportunity to be heard, the doctrine of res judicata bars his § 1981 claim.").

Nether party has addressed the effect that the second DHR/EEOC proceeding has on Plaintiff's Section 1981 claim asserting wrongful dismissal on the basis of race.  Therefore, that claim remains viable at this time.

### d.  Pleading Age Discrimination

Defendant seeks to dismiss Plaintiff's ADEA claims asserting discriminatory suspension and failure to promote because Plaintiff has not specifically asserted that he is

9

over 40 years of age. Plaintiff has asserted, however, that he is "within the protected age group" governing his ADEA claim. See Compl. ¶ 11. This is sufficient to satisfy the liberal federal pleading requirement. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-14 (2002).

### e. Sanctions

Finally, Regal argues that Plaintiff should be sanctioned for filing a false affidavit of service of his cross-motion. It does appear from the evidence submitted that Plaintiff signed an affidavit of service attesting that he mailed the cross-motion to Defendant's counsel on one day but did not actually place the documents in the mail for several days thereafter. While there may be several innocuous reasons for the discrepancy, the Court need not venture down that path as Defendant has not made a proper motion for sanctions.[2] The Court will take the opportunity to note, however, that such conduct will not be countenanced in the future. It is Plaintiff's obligation to place documents in the mail on the date that he attests that he did so. Further, the Court also notes that Plaintiff has repeatedly filed late documents relative to the pending motions. Such violations of the Local Rules will not be countenanced in the future. Deadlines will be adhered to by the Court and late papers will be rejected. The parties are forewarned that they act at their own peril if they disregard the Local Rules.

### III. CONCLUSION

Defendant's motion to dismiss certain claims [dkt. # 20] is **GRANTED in part and**

---

[2]The sanctions argument is raised in Defendant's papers that were submitted in opposition to Plaintiff's cross-motion, not in an independent motion.

10

**DENIED in part.** In this regard, Plaintiff's claims of discriminatory suspension and failure to promote brought pursuant to the New York Executive Law are **dismissed** for lack of subject matter jurisdiction. Plaintiff's Title VII, Age Discrimination in Employment Act, Americans with Disabilities Act, and New York Executive Law claims alleging retaliatory and discriminatory discharge are **dismissed without prejudice** to refiling following the conclusion of the administrative proceedings before the New York State Division of Human Rights and the Equal Employment Opportunity Commission. Plaintiff's Section 1981 claims asserting discriminatory suspension and failure to promote are barred by the doctrine of res judicata and, therefore, are **dismissed**.

Plaintiff's cross-motion to stay this action [dkt. # 28] is **DENIED**. The case will go forward on Plaintiff's Title VII and ADEA discriminatory suspension and failure to promote claims, and on Plaintiff's Section 1981 discriminatory discharge claim.

**IT IS SO ORDERED**

DATED:      August 4, 2007

*Thomas J. McAvoy* (signature)
Thomas J. McAvoy
Senior, U.S. District Judge